UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WALTER F. SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:05CV70-SNL |
| ) | |
| ST. LOUIS COUNTY POLICE DEPARTMENT, ) | |
| ST. LOUIS COUNTY MUNICIPAL COURT, ) | |
| and ST. LOUIS COUNTY, MISSOURI, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is pending on the motion to dismiss of defendant St. Louis County, Missouri. Plaintiff has responded.

The County alleges that plaintiff has failed to state a claim upon which relief can be granted because the action is barred by the doctrine established in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and that established by the Rooker-Feldman decisions.

On February 3, 2004 plaintiff was convicted by a St. Louis County jury for committing assault in violation of St. Louis County municipal ordinance 716.065. The jury assessed a fine which plaintiff paid together with the costs. Although an attempt to appeal the conviction was made, it was never successfully prosecuted and the conviction stands.

In the present case, plaintiff attempts to have this Court overturn his conviction for violation of the St. Louis County municipal ordinance and to refund the fine and costs that he paid.

The Rooker-Feldman doctrine provides that, "with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000) (citing Feldman, 460 U.S. at 476, 103 S.Ct. 1303; Rooker, 263 U.S. at 416, 44 S.Ct. 149). District courts may not review state court decisions, "even if those challenges

allege that the state court's action was unconstitutional." Feldman, 460 U.S. at 486, 103 S.Ct. 1303, because "[f]ederal jurisdiction to review most state court judgments is vested exclusively in the United States Supreme Court." Lemonds, 222 F.3d at 492 (citing 28 U.S.C. § 1257; Feldman, 460 U.S. at 486, 103 S.Ct. 1303). A party who was unsuccessful in state court thus "is barred from seeking what in substance would be appellate review of the state judgment in a United States district court based on the losing party's claim that the state judgment itself violates the loser's federal rights." Ballinger v. Culotta, 322 F.3d 546, 548 (8th Cir. 2003). See also Tyus, et al. v. Schoemehl, et al., 93 F.3d 449, 453 (8th Cir. 1996).

Here, plaintiff had a jury trial and was accorded every right to assert his position. He suggests no impropriety in the hearing. Plaintiff did not successfully prosecute an appeal. There is nothing in plaintiff's complaint to indicate that he exhausted his administrative remedies or that his conviction was invalidated by a state court, expunged by executive order, or called into question by a federal habeas court. Thus, he is barred from asserting this action.

In addition, while the county is not absolutely immune from liability under § 1983, it cannot be held liable under a respondeat superior theory. Monell v. Dept. of Social Services, 436 U.S. 658, 691 (1978). Liability cannot be imposed absent an allegation that unlawful actions were taken pursuant to a county's policies or customs. Id. at 694. There being no such allegations in the instant complaint, it should be dismissed for this reason in addition.

Finally, as suggested in the county's memorandum of law in support of its motion to dismiss, the complaint should be dismissed under the Doctrine of Issue Preclusion. "Under Issue Preclusion (collateral estoppel), 'once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude the relitigation of the issue in a suit on a different cause of action involving a party to the first case'." Simmons v. O'Brien, 77 F.3d 1093, 1095 (8th Cir. 1996).

The decision in the State of Missouri court precludes relitigation of the issue there which is the same issue attempted to be relitigated in this case.

For the foregoing reasons, the motions of the defendant St. Louis County, Missouri to dismiss the claim

will be sustained.

**IT IS THEREFORE ORDERED** that the motion of defendant St. Louis County, Missouri to dismiss the complaint against it is **SUSTAINED**. Plaintiff's claim is dismissed in its entirety with prejudice.

Dated this __1st__ day of August, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE